## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MARY EBAUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:23-00209-MTS |
| | ) |
| MEDICREDIT, INC. | ) |
| | ) |
| Defendant. | ) |

### MEDICREDIT, INC.'S
### REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO
### DISMISS PLAINTIFF'S AMENDED COMPLAINT

A motion under Rule 12(b)(1) and 12(b)(6) requires the court to restrict itself to the face of the pleadings. *See Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016). The question before the Court in this case is whether the Amended Complaint "clearly allege[s] facts demonstrating each element" of Plaintiff's standing. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). For the Amended Complaint to establish standing there must be factual allegations: (i) that Plaintiff "suffered an injury in fact that is concrete, particularized, and actual or imminent"; (ii) that the injury likely was caused by Defendant; and (iii) that judicial relief likely would redress the injury, *TransUnion LLC v. Ramirez*, 594 U.S. ---, 141 S.Ct. 2190, 2203 (2021). As the Eighth Circuit Court of Appeals recently discussed, a case brought over the receipt of one letter "without a concrete injury in fact…is merely seeking to ensure a defendant's compliance with regulatory law" and insufficient to establish standing. *Bassett v. Credit Bureau Services, Inc.*, 60 F.4th 1132, 1137 (8th Cir. 2023). Because the Amended Complaint fails to allege facts supporting a concrete injury-in-fact caused by Medicredit, this case should be dismissed for lack of Plaintiff's Article III standing and the Court's lack of subject matter jurisdiction.

### **RELEVANT FACTUAL ALLEGATIONS**[1]

Defendant sent Ms. Ebaugh a collection letter dated July 26, 2022. (ECF Doc. 14, Amended Complaint ¶7, Plaintiff's Exhibit B). Plaintiff gave Legal Advocates for Seniors and People with Disabilities ("LASPD) consent to act as her agent on July 27, 2022 (Exhibit C). Ms. Ebaugh paid her LASPD a retainer of $35/month. (Amended Complaint ¶10). Later, after Plaintiff received the July 26, 2022, letter, LASPD sent a letter to Defendant dated August 31, 2022 (Amended Complaint ¶8, Plaintiff's Exhibit C). All of this occurred before the Discount Letter dated October 28, 2022 (the "Discount Letter") (Amended Complaint ¶9, Plaintiff's Exhibit D). Plaintiff alleges she spent time, effort, and $0.68 to send the Discount Letter to LASPD. On January 24, 2023, LASPD then sent a letter to Medicredit (Amended Complaint ¶11, Exhibit E). Plaintiff filed the first complaint on February 21, 2023. In the first complaint, Plaintiff alleged no facts establishing her expenses or how they came about. In the Amended Complaint, these allegations still fail to allege any harm incurred to Plaintiff's detriment and caused by Defendant establishing her Article III standing before this Court.

### **ARGUMENT**

**I.   THE AMENDED COMPLAINT DOES NOT ALLEGE FACTS DEMONSTRATING PLAINTIFF'S ARTICLE III STANDING.**

The Court has already agreed that a plaintiff advancing a private statutory right of action such as under the FDCPA must still show that she "has suffered a concrete harm under Article III." *TransUnion*, 141 S.Ct. at 2205. Plaintiff and the Court both point to *Demarais v. Gurstel Chargo, P.A.,* for guidance on identifying concrete injury for standing purposes. *See* 869 F.3d 685, 690 (8th Cir. 2017). In *Demarais* the alleged harms for standing related to attorney fees incurred

---

[1] These facts are a summary of the allegations of the Plaintiff's Amended Complaint. Medicredit does not, at this time, admit or deny any of its allegations.

to defend *Gurstel Chargo's* attempts to collect a debt *Demarais* did not owe, for wasted time attending court appearances that *Gurstel Chargo* was not prepared for, and preparing discovery requests that *Gurstel Chargo* ignored. Because *Gurstel Chargo* forced *Demarais* to expend money against false claims to his detriment, the Court determined *Demarais* suffered a concrete injury. In this case, the validity of the debt is not at issue, and Plaintiff only indicates she cannot pay (Amended Complaint ¶8). Plaintiff alleges she engaged LASPD and paid LASPD a monthly retainer <u>before</u> she received any notice from the Defendant (Amended Complaint ¶8, ¶10). There is no allegation or exhibit that suggests the monthly retainer is related to the this Defendant or the Discount Letter sent on October 28, 2022. In addition, the Discount Letter was effectively a 50% Off coupon on the debt, not a threat. The result is that the alleged facts in this case do not suggest that Plaintiff Ebaugh suffered a concrete injury in fact that was caused by the Defendant.

    **a.  Plaintiff's Tangible Harm Allegations Do Not Support Article III Standing**

Despite an inability to pay her debts, on July 27, 2022 Plaintiff entered into an agreement to pay LASPD $35 per month for advice and guidance with respect to her debts (Amended Complaint ¶10, Exhibit C, pg 2). Based on the allegations and Exhibits, Plaintiff engaged LASPD <u>before</u> she received the first letter from Medicredit, dated July 26, 2022. (See Exhibit B, allow 3 days for mailing, and compare to Exhibit C). After retaining LASPD, Ms. Ebaugh paid $105 ($35 x 3 months) in retainer fees between August and October 2022. These factual allegations undermine the conclusion that plaintiff paid a retainer fee to her LASPD because of the Discount Letter sent on October 28, 2023. In addition, the hiring of counsel does not constitute an injury for standing purposes. *Preisler v. Eastpoint Recovery Group, Inc.*, 2021 WL 2110794, at *5, note 5 (S.D. Fla. May 25, 2021) (concluding that following the logic that every plaintiff represented by counsel can secure standing then every case dismissed with a represented plaintiff would be wrong); *See also Crabtree v. Experian Info. Sols., Inc.*, 948 F.3d 872, 881 (7th Cir. 2020). That

3

Plaintiff's fee arrangement with LASPD precedes the Discount Letter does not provide Plaintiff a concrete damage for standing purposes in this case.

In an effort to save her lack of cognizable damages, the Amended Complaint alleges Ms. Ebaugh spent time, effort, and $0.68 to communicate with LASPD (Amended Complaint ¶10, no Exhibit). Because the Plaintiff / LASPD relationship is not limited to the debt at issue in this case (*see* Amended Complaint Exhibit 7), and existed before the Discount Letter, the time, effort and money spent in communication with LASPD cannot be attributed to the Discount Letter or Medicredit.

Following the time, effort, and $0.68, LASPD sent a letter and Plaintiff filed the present lawsuit to Plaintiff's benefit (not to her detriment). As previously argued, voluntary expenses incurred to bring a suit do not establish standing. *See Duncan v. Liberty Mut. Ins. Co.*, 854 F. App'x 652, 670 (6th Cir., 2021). Similarly, self-serving costs do not support standing for Article III purposes. *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 107, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). Plaintiff's allegations of tangible harm are unsupported and undermined by the exhibits and do not establish standing before this Court.

### b. Plaintiff's Intangible Harm Allegations Do Not Support Article III Standing

The Amended Complaint concludes that the Plaintiff suffered an intangible harm that resonates as a common law tort (Amended Complaint ¶¶14-16).[2] The conclusion, however, is insufficient for Article III standing because there are no factual allegations to support the conclusion. *Ojogwu v. Rodenburg Law Firm*, 26 F.4th 457, 463 (8th Cir. 2022). An intangible tort without actual harm is simply the Plaintiff "seeking to ensure a defendant's compliance with

---

[2] Plaintiff appears to have abandoned the "legally protected right to representation by counsel." Medicredit is also unable to corroborate this "right" with case law.

regulatory law" and does not confer Article II standing. *Bassett*, 60 F.4th at 1137. Plaintiff's alleged harm in this case does not meet the elements of a prima facia claim of intrusion seclusion. The common law tort of invasion of privacy combines "a substantial intrusion" that would be "highly offensive to a reasonable person." *See* Restatement of Torts § 652B, cmt. d. The Amended Complaint does not allege a substantial intrusion that is, was, or would be, highly offensive to a reasonable person. In fact, there are no examples before the Court of a letter causing "a substantial intrusion" that would be "highly offensive to a reasonable person."

In addition, Plaintiff's Amended complaint lacks factual allegations to support a conclusion that <u>if</u> the Plaintiff's seclusion was invaded, there was a harm under the FDCPA. In this instance, the Plaintiff has alleged that the intrusion by a Discount Letter "alarmed, confused and emotionally distressed Ms. Ebaugh, including loss of sleep, worry and considerable upset" (Amended Complaint ¶¶18, no Exhibit). These conclusions are without any factual support and therefore should be disregarded as a basis for standing. *See Pennell v. Global Trust Management, LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021) (holding that a state of confusion is not itself an injury, and stress with no physical manifestations do not amount to a concrete harm). Because the allegation of inclusion of seclusion is not supported by any other factual allegations, it to fails to establish article III standing before this court.

### II.   PLAINTIFF'S COMPLAINT DOES NOT ALLEGE FACTS THAT STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.

In the event the Court concludes it has subject matter jurisdiction to reach the merit's of this case, Defendant renews its motion to dismiss for failure to state a claim as expressed in the Amended Complaint. The Amended Complaint lacks sufficient factual allegations to state a claim for which relief may be granted as a matter of law. To establish a claim under the FDCPA, a plaintiff must allege (1) the plaintiff is a 'consumer' within the meaning of the statute; (2) the

5

defendant collecting the debt is a 'debt collector' within the meaning of the statute; and (3) the defendant has violated by act or omission a provision of the FDCPA. *Somlar v. Nelnet Inc.*, 2017 WL 35703, at *2 (E.D. Mo. Jan. 4, 2017). As previously outlined, in the Memo in support of the Motion to Dissmiss and incorporated by reference herein, Plaintiff's Amended Complaint fails to establish allege facts that establish that Defendant communicated directly with the Plaintiff after the direction to cease communications. The Plaintiff's allegations lose the benefit of a favorable inference because the exhibit "D" that supports the allegation does not support a conclusion that the letter was mailed directly to the Plaintiff. As a result, Count I is without factual support and does not state a claim relief can be granted as a matter of law.

Similarly, both Count I and Count II rely on an exhibit that does not demonstrate the Plaintiff was represented by an attorney. The unsigned exhibit "C" only indicates it was sent by a "legal director" providing the Court or Medicredit any indication if that person is an office manager or if that person is an attorney at law. Further, the Plaintiff only authorized LASPD to act as her "agent" (Exhibit C, pg 2). All that is certain from Exhibit C is that the letter was not sent by the Plaintiff herself. If the Plaintiff was represented by counsel, it was the obligation of that counsel to clearly communicate that to Medicredit. Because representation by an attorney is not clear on the face of Exhibit C, Count I and Count II are without factual support and do not state a claim as a matter of law.

CONCLUSION

Plaintiff lacks standing lacks standing and fails to allege facts to state a plausible claim under the FDCPA. The Amended Complaint should, therefore, be dismissed.

Respectfully submitted,

SPENCER FANE LLP

/s/ *John D. Ryan*
Scott J. Dickenson, #50478MO
John D. Ryan #51944MO
1 North Brentwood Blvd., Suite 1200
St. Louis, MO  63105
Tel: (314) 863-7733
Fax: (314) 862-4656
jryan@spencerfane.com

Attorneys for Medicredit, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of October 2023, I filed the foregoing via the Court's CM/ECF system, which will provide electronic notice to all counsel of record.

/s/ *John D. Ryan*